# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID RAPOPORT** | : | CIVIL ACTION |
| *Petitioner-pro se* | : | |
| | : | NO. 18-2971 |
| v. | : | |
| | : | |
| **ROBERT GILMORE, et al.** | : | |
| *Respondents* | : | |

## ORDER

**AND NOW**, this 30th day of January 2019, upon consideration of the petition for writ of *habeas corpus*, ("Petition"), filed by *pro se* Petitioner David Rapoport ("Petitioner"), [ECF 1], the Commonwealth's Response in opposition thereto, [ECF 9], the *Report and Recommendation* (the "R&R") issued on November 27, 2018, by the Honorable Carol Sandra Moore Wells, United States Magistrate Judge (the "Magistrate Judge"), which recommended that the Petition be denied, [ECF 10], Petitioner's objections to the R&R, [ECF 15], the pleadings and the available state court record and, after conducting an independent *de novo* review of Petitioner's objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* is **APPROVED AND ADOPTED**;

2. The objections filed are without merit and are **OVERRULED**;[1]

---

[1] On December 8, 2011, Petitioner pled guilty in the Court of Common Pleas of Lehigh County, Pennsylvania, to the first-degree murders of a woman and her fetus, and was sentenced to two consecutive life sentences. On July 16, 2018, he filed the instant Petition and raised claims of ineffective assistance of counsel. [ECF 1]. The Petition begins with the first three "Instructions" pages of the model court *habeas* form for a 28 U.S.C. § 2254 petition (PAE AO 241). Notably, instruction number three states:

> Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir. 2000)).

After reproducing the "Instructions" pages of the model court form, Petitioner typed out the remainder of Petition independently, rather than complete the form itself. In doing so, he tracked the format of the model court form. However, the Petition did not include the final paragraph (No. 17) of the model court form, which reads as follows:

> "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition."

On August 3, 2018, the matter was referred to the Magistrate Judge. The referral Order provided that "Pursuant to Local Civil Rule 72.1.IV(c), all issues and evidence shall be presented to the United States Magistrate Judge, and that new issues and evidence shall not be raised after the filing of the Report and Recommendation if they could have been presented to the United States Magistrate Judge." [ECF 3]. On October 23, 2018, the Commonwealth filed its response in opposition to the Petition and argued that the Petition was untimely. [ECF 9]. Petitioner did not file a response to the Commonwealth's timeliness argument. On November 27, 2018, the Magistrate Judge issued the R&R and recommended that the Petition be dismissed, as untimely. Specifically, the R&R highlighted the following relevant dates:

> On December 8, 2011, Petitioner was sentenced. He did not file a direct appeal. Instead, on December 6, 2012, he filed a PCRA petition and an amended PCRA petition which was ultimately dismissed, and the dismissal was affirmed by the Superior Court of Pennsylvania. On September 10, 2014, the Pennsylvania Supreme Court denied Petitioner's *allocatur* petition.

Title 28 U.S.C. § 2244(d)(1) provides that a 1-year period of limitations shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. The period of time commences on the date the judgment becomes final, by either the conclusion of any direct appeal or the expiration of the time seeking such review. *Id* at § 2244(d)(1)(A). When calculating the time to file the instant Petition, the Magistrate Judge made the following determinations:

> Petitioner's conviction became final when the time to file a direct appeal expired on January 7, 2012. Thus, the year to file his § 2254 Petition began to run on that date. On December 6, 2012, when he filed his PCRA petition, 333 days had already run. The running of the time period was tolled until September 10, 2014, when the Pennsylvania Supreme Court denied *allocatur*. Petitioner's year then continued to run and expired 32 days later, on October 13, 2014. When the Petition was filed on July 16, 2018, it was over 1,370 days late. [ECF 10].

Petitioner does not dispute the accuracy of the calculations. Instead, Petitioner objects to the one-year requirement as "absurd," given the realities of daily prison life, and argues that his time to file the Petition should be equitably tolled because of extraordinary circumstances and his reasonable diligence; *to wit*:

- Petitioner was incorrectly advised by jailhouse lawyers to file his petition in the Western District of Pennsylvania, where he was incarcerated, rather than in this District where he was sentenced;
- After waiting "indefinitely" for a response to the petition filed in the Western District of Pennsylvania, he refiled his petition in this District. Notably, the Petition in this Court neither includes a copy of the allegedly misfiled petition nor indicates when it was filed in the Western District;

2

- He has been reasonably diligent in his attempt despite difficulties with the prison law library in terms of its hours, cost, and the quantity/quality of computers;
- Legal research is difficult for a layman; and
- His busy work schedule as the full-time head baker for the prison kitchen and a part-time certified peer support specialist made it difficult to meet deadlines. [ECF 15].

Generally, issues raised for the first time as objections to a report and recommendation may not be considered. *See Bukovinsky v. Pennsylvania*, 455 F. App'x 163, 165-66 (3d Cir. 2011) (*per curiam*) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Further, Local Rule of Civil Procedure 72.1(IV)(c) provides that "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." This is particularly pertinent since Petitioner was prompted on the model court form to address the timeliness of his Petition, he received notice that the Commonwealth was challenging the Petition's timeliness, and he was advised in the referral Order that all issues needed to be presented to the Magistrate Judge, yet he did not address the issue before the Magistrate Judge. Thus, this Court finds that Petitioner has waived this argument, and his objection is overruled.

Nevertheless, even if the Court were to consider Petitioner's tolling arguments, the Petition would still be untimely. Courts use equitable tolling sparingly, *see United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998), and apply it "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). Although the United States Court of Appeals for the Third Circuit ("Third Circuit") has held that "[e]quitable tolling may be had if," *inter alia*, the petitioner "has timely asserted his rights mistakenly in the wrong forum," the Third Circuit has noted that "the 'wrong forum' element . . . usually refers to a peremptory filing in federal court prior to the exhaustion of state-law claims." *Satterfield v. Johnson*, 434 F.3d 185, 195-96 (3d Cir. 2006) (citations omitted). In any event, Petitioner's argument regarding the filing of his Petition in the wrong forum lacks merit. In this case, the Western District of Pennsylvania (the district in which Petitioner is incarcerated) is not an incorrect forum in which to file a *habeas corpus* petition. *Cf.* 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application."). Thus, the Western District is an appropriate forum. As a final note on this issue, this Court performed a search for any case initiated by Petitioner in the Western District of Pennsylvania, and did not find a petition. Out of an abundance of caution, this Court also performed a search in the Eastern District of Pennsylvania for any previous petitions filed by Petitioner (in case one had been transferred here from the Western District), and did not find a petition.

Lastly, as calculated, the Petition was filed over 1,370 days late. Petitioner's stated reasons of extraordinary circumstances and reasonable diligence are insufficient to ignore the almost 4 years of delay in filing the Petition so as to excuse that degree of tardiness of the Petition. *See Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002) (holding that a "deprivation of legal material for a relatively brief time period is not sufficient to warrant tolling"); *cf. Pabon v. Mahanoy*, 654 F.3d 385, 399-400 (3d Cir. 2011) (holding that "equitable tolling might be warranted when a non-English speaking petitioner could not comply with AEDPA's statute of limitations because the prison did not provide access to AEDPA-related materials,

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

translation, or legal assistance in his or her language."). Accordingly, the R&R is adopted and approved in its entirety, and Petitioner's objections are overruled.

[2]  A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.

4